[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
This case involves two appeals, which have been consolidated.[1]
In July 1998, defendant-appellee, Christopher Nelson, was arrested and charged with driving under the influence of alcohol. After entering a plea of not guilty, Nelson filed a motion to suppress alleging that the police had unlawfully stopped his car in violation of his constitutional rights. Further, Nelson filed an appeal from his administrative license suspension (ALS). After conducting a hearing, the lower court sustained Nelson's motion to suppress, and plaintiff-appellant, the state of Ohio, appeals that decision.[2] The state of Ohio also appeals the lower court's decision terminating the administrative license suspension.[3]
In its first assignment of error, the state contends that the trial court improperly granted Nelson's motion to suppress, because the officer had a reasonable and articulable suspicion to stop Nelson's car. A police officer is not required to have probable cause to make an investigatory stop of an automobile; however, the officer must have reasonable, articulable suspicion that criminal activity is afoot.[4] When a police officer bases his stop solely on a radio dispatch or broadcast, the state, at the hearing on a motion to suppress, has the burden to prove the factual basis justifying the stop.[5] Thus, as long as it is shown that the officer issuing the information had the requisite knowledge to establish the justification for the arrest or detention, reliance on a radio broadcast is proper.[6]
Here, the question is whether there was a reasonable and articulable suspicion to warrant the original investigatory stop. The only facts provided at the suppression hearing arose from testimony by the police officer who stopped Nelson's car based on a radio broadcast. The officer who stopped Nelson's car testified that the only reason that he stopped the car was because he had heard a fellow officer's radio instruction to stop the car. The broadcast stated in pertinent part, "Could you stop the Honda Civic hatchback coming up there? It should have YSS096. Bring the passenger in the front seat back to me." Because the broadcast did not provide a reasonable, articulable suspicion warranting the initial stop of Nelson's car, and because the officer issuing the broadcast did not testify as to why he issued the broadcast, we conclude that the trial court did not err in determining that, at the time the stop was made, the law-enforcement community did not possess a reasonable suspicion to stop Nelson's vehicle. Accordingly, we overrule the first assignment of error.
Under the second assignment of error, the state argues that the trial court erred in terminating the administrative license suspension without a hearing, because R.C. 4511.191(H) provides for a hearing in an ALS appeal. In determining whether the lower court erred, we must review the evidence that was before the court when it made its decision. According to the parties, there was no ALS hearing, but the record does contain a disposition notification for Nelson's appeal. Specifically, the notification states that, under R.C. 4511.191(H), the arresting officer did not have reasonable grounds to stop or detain Nelson. Based on our disposition of the first assignment of error, we conclude that the issue of whether an ALS hearing should have been conducted is now moot, because an administrative license suspension must be revoked where it violates R.C.4511.191(H)(1)(a) through (d).[7] Accordingly, we overrule the second assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] On May 7, 1999, this court consolidated the appeal numbered C-990114 with the one numbered C-990019.
[2] This appeal is numbered C-990019. The state has a right to appeal a decision suppressing evidence pursuant to R.C. 2945.67, Traf. R. 11(I), and Crim.R. 12(J).
[3] This appeal is numbered C-990114.
[4] See Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868.
[5] See United States v. Hensley (1985), 469 U.S. 221, 232,105 S.Ct. 675, 682; State v. Cook (1992), 65 Ohio St.3d 516, 521,605 N.E.2d 70, 78; State v. Evans (1998), 127 Ohio App.3d 56, 61-62,711 N.E.2d 761, 764-765.
[6] See United States v. Hensley, supra; State v. Evans, supra.
[7] See R.C. 4511.191(H)(2).